UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| DESTINEE TOMASEK aka DESTINEE ORSINI,<br><br>Plaintiff(s),<br><br>-v.-<br><br>FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, Inc. a/k/a FBCS, Inc.,<br><br>Defendant. | **Civil Action No: 6:18-cv-169**<br><br>**COMPLAINT** |

Plaintiff Destinee Tomasek aka Destinee Orsini ("Plaintiff" or "Tomasek") by and through her attorneys, Stein Saks, PLLC, as and for her Complaint against Defendant Financial Business and Consumer Solutions, Inc. a/k/a FBCS, Inc. ("Defendant" or "FBCS") respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of section 1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2. Plaintiff is a resident of the State of Texas, County of Bell, residing at 1908 Elkine Place, Killeen, TX 76541.

3. Defendant is a debt collector with a mailing address of 330 S Warminster Rd, Suite 353, Hatboro, PA 19040.

4. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the majority of acts and omissions ocurred.

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

8. On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

9. This debt was incurred as a financial obligation by Plaintiff. Specifically Plaintiff used the funds received from Texell Credit Union to purchase items that were primarily for personal, family or household purposes. Thus, it is a a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. On or around August 3, 2017, Plaintiff received an initial collection letter from Defendant. See Letter at Exhibit A.

11. The initial collection letter states "We are requesting payment in full on the amount referenced above. <u>Your failure to remit will result in further collection attempts.</u>" (emphasis added).

12. When a debt collector solicits payment from a consumer, it must, within five days of an initial communication, provide the consumer with a written validation notice which must include the following information:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

This is known as the "G Notice."

13. While the August 3, 2017 letter contains the requisite "G-Notice," it is completely overshadowed by Defendant's language that Plaintiff must remit full payment immediately.

14. Specifically, the letter threatens Plaintiff that she must pay in full immediately which overshadows the fact that Plaintiff has 30 days to dispute and receive validation of the debt pursuant to the "G Notice."

15. Although a collection letter may track the statutory language, ''the collector nonetheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.'' Russell v. EQUIFAX A.R.S., 74 F.3d 30, 35 (2d Cir. 1996)

16. Requiring payment in full or threatening further collection within the "G Notice" is confusing and misleading because the least sophisticated consumer would believe she must pay immediately to avoid the continued harassment of collection which overshadows her right to dispute the debt under the Fair Debt Collections Practices Act.

17. Plaintiff sustained an informational injury as Defendant failed to properly notify her that she had a 30 day period to dispute or validate the debt.

18. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

20. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to to 15 U.S.C. §§1692e, 1692e(2), 1692e(10), 1692f and 1692g.

21. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Destinee Tomasek aka Destinee Orsini demands judgment from the Financial Business and Consumer Solutions, Inc. a/k/a FBCS, Inc., as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)1);

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(2)(A);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d) A declaration that the Defendant's practices violated the FDCPA; and

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: Hackensack, New Jersey  
June 19, 2018

Respectfully Submitted,

**STEIN SAKS, PLLC**

/s/ Yaakov Saks  
Yakov Saks, Esq.  
285 Passaic Street  
Hackensack, NJ 07601\  
Phone: 201-282-6500  
Fax: 201-282-6501  
ysaks@steinsakslegal.com  
*Attorneys for Plaintiff Destinee Tomasek*